# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60747
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 14, 2017

Lyle W. Cayce
Clerk

AIDA LETICIA MORALES-SUCUC DE GARCIA;
KIMBERLY VANESSA GARCIA MORALES;
GEISON JENERSON GARCIA MORALES;
JEIMY JAZMIN GARCIA MORALES;
KATERINNE EUNICE GARCIA MORALES,

Petitioners,

versus

JEFFERSON B. SESSIONS, III, U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 206 875 003
No. A 206 875 004
No. A 206 875 005
No. A 206 875 006
No. A 206 875 007

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:*

Aida Morales-Sucuc de Garcia, on behalf of herself and her four children,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

petitions for review of the order of the Board of Immigration Appeals ("BIA") denying her motion for reconsideration of its order denying her applications for asylum, withholding of removal, and protection under the Convention Against Torture.  Morales-Sucuc de Garcia asserts that the BIA abused its discretion in denying reconsideration.  She contends that a "nuclear family can constitute a particular social group for purposes of the INA and the [BIA] erred insofar as it suggests it is an unresolved question."  She also avers that the BIA erred in determining that she failed to prove the requisite nexus between the harms and fears she suffered and her membership in the nuclear family of her son.

A motion for reconsideration of a BIA decision may be filed to obtain a re-evaluation of record evidence in light of "a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked."  *Zhao v. Gonzales*, 404 F.3d 295, 301 (5th Cir. 2005); *see* 8 C.F.R. § 1003.2(b)(1).  We review the denial of a motion for reconsideration under a "highly deferential abuse-of-discretion standard."  *Zhao*, 404 F.3d at 303.

In denying reconsideration, the BIA only analyzed whether Morales-Sucuc de Garcia had identified any error in its determination that "even assuming [her] membership in a particular social group, she did not meet her burden of establishing that her membership in the group, or any other protected ground 'was or would be at least one central reason' why the gang would harm her, or did so in the past."  Accordingly, Morales-Sucuc de Garcia's theory that a "nuclear family can constitute a particular social group for purposes of the INA and the [BIA] erred insofar as it suggests it is an unresolved question" is not properly before this court.  *See Iruegas-Valdez v. Yates*, 846 F.3d 806, 811 (5th Cir. 2017).

Morales-Sucuc de Garcia raises the following points challenging the BIA's determination that she failed to prove that one central reason for the harm and fears she suffered was her membership in the nuclear family of her

son:  (1) "[T]he two predominant gangs in Guatemala, 'MS-13' and 'Barrio 18,' are not mere criminal organizations; they are political," (2) "it is well known that gangs target families for retributive purposes" and retaliate against people who resist gang recruitment, and (3) "the evidentiary record shows [that Morales-Sucuc de Garcia] and her daughters were specifically targeted by gang members on account of" their status as immediate family members of her son. Because Morales-Sucuc de Garcia failed to raise the first two arguments in her motion for reconsideration before the BIA, we lack jurisdiction to consider them. *See Omari v. Holder*, 562 F.3d 314, 320 (5th Cir. 2009).  Morales-Sucuc de Garcia's remaining contention is conclusional and fails to establish that she identified a change in the law, a misapplication of the law, or an aspect of the case that the BIA overlooked.  *See Zhao*, 404 F.3d at 301.

The petition for review is DENIED in part and DISMISSED in part for want of jurisdiction.